IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT N. DEVALL                                                             PLAINTIFF

vs.                                  Civil No. 3:15-cv-03106

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Robert N. Devall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed his disability applications on October 25, 2012. (Tr. 9, 180-189). In these applications, Plaintiff alleges being disabled due to a neck injury, arthritis in his shoulder and neck, hearing problems, depression, and Hepatitis C. (Tr. 229). Plaintiff alleges an onset date of January 1, 2011. (Tr. 9). These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 64-112).

Thereafter, Plaintiff requested an administrative hearing on his denied applications. (Tr. 139-140). This hearing request was granted, and Plaintiff's administrative hearing was held on January 16, 2014 in Harrison, Arkansas. (Tr. 28-63). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Bill Spragens testified at this hearing. *Id.*

On April 17, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 6-18). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2011, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post cervical fusion and Hepatitis C. (Tr. 11-12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr.13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to only occasional overhead reaching bilaterally.

*Id.*

The ALJ found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 16, Finding 8). The ALJ also found Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 16, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.16, Finding 6). The ALJ determined that, considering his RFC, Plaintiff was unable to perform any of his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering Plaintiff's RFC and other limitations, the ALJ determined a hypothetical person with those limitations retained the capacity to perform representative occupations such as (1) cashier II (light, unskilled) with 14,000 such jobs in Arkansas and 1,700,000 such jobs in the United States; and (2) price marker (light, unskilled) with 3,000 such jobs in Arkansas and 319,000 such jobs in the United States. (Tr. 17). Because Plaintiff retained the capacity to perform these jobs, he retained the capacity to perform other work. Accordingly, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2011 (alleged onset date) through April 17, 2014 (ALJ's decision date). (Tr. 17, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 24). Thereafter, on September 16, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On October 23, 2015, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 6, 9, 13. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, Plaintiff claims the following: (A) the ALJ erred in finding his depression and anxiety were non-severe; and (B) the ALJ erred by failing to give greater weight to some of the findings of consulting physician Dr. Shannon H. Brownfield, M.D. ECF No. 9 at 6-11. The Court will address both of these arguments.

**A.    Depression and Anxiety**

Plaintiff claims the ALJ should have found his depression and anxiety were severe impairments. ECF No. 9 at 6-11. In support of his claim, Plaintiff references his medical records from Dr. Terry Efird, Ph.D. (Tr. 325-328). Dr. Efird noted Plaintiff suffered from depressive

5

disorder (not otherwise specified) and anxiety disorder (not otherwise specified). (Tr. 327). Dr. Efird also noted, however, that Plaintiff essentially had no limitations due to these impairments. (Tr. 325-328). Notably, Dr. Efird found Plaintiff could communicate "in a reasonably intelligible and effective manner," could "perform basic cognitive tasks required for basic work like activities," and was able to complete "most tasks within an adequate time frame. . . . [and] claimant appears to be capable of performing basic work like tasks within a reasonable time frame." (Tr. 328).

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff has not demonstrated his depression and anxiety meet the standard for a severe impairment. Indeed, the medical records Plaintiff cited from Dr. Efird demonstrate he has

no or very minimal limitations due to his alleged depression and anxiety. As noted above, Dr. Efird found Plaintiff "appears to be capable of performing basic work like tasks within a reasonable time frame." (Tr. 328). Accordingly, the Court cannot find this is a basis for reversal on this issue.

### B.     RFC Findings

Plaintiff claims the ALJ erred by disregarding the findings of Dr. Shannon H. Brownfield, M.D. ECF No. 9 at 8-11. Notably, Dr. Brownfield found Plaintiff has "moderate to severe limitations [in] prolonged use . . .[of his] neck." (Tr. 334). Plaintiff claims the ALJ should have adopted this finding and found him to be disabled. ECF No. 9 at 8-11.

In his opinion, the ALJ considered Dr. Brownfield's findings and noted the following: "Likewise, great weight is accorded to the objective findings of Dr. Brownfield, consultative examiner, which found the claimant with normal hearing, normal range of motion [of] the spine and neck, and no loss of muscle strength." (Tr. 15). Plaintiff claims that because the ALJ afforded "great weight" to some of Dr. Brownfield's findings, he should have also afforded "great weight" to all of his findings, including the opinions regarding his neck limitations. ECF No. 9 at 8-11.

Upon review of this claim, the Court finds it offers no basis for a remand. As an initial matter, Dr. Brownfield is a consulting physician. (Tr. 330-334). As such, her opinions are entitled to little or no weight. *See Cox v. Barnhart,* 345 F. 3d 606, 608-09 (8th Cir. 2010). This is especially true since her opinions are based upon a one-time examination that is not supported by a treatment record. *Id.* Since the ALJ decided to give some of her opinions "great weight," however, the Court must consider if her opinion regarding Plaintiff's neck limitations should also be given "great weight." Upon review, the Court first notes that the ALJ did not *ignore* that finding. Indeed, in his decision, the ALJ found Plaintiff was limited to "only occasional overhead reach bilaterally." (Tr.

7

13, Finding 5).  This would account for some neck limitations with Plaintiff having to strain his neck to reach overhead.

Further, Dr. Brownfield's opinion was that Plaintiff had moderate to severe limitations in "prolonged use" of his neck.  Plaintiff has not demonstrated that his RFC would require "prolonged use" of his neck.  ECF No. 9 at 9-10.  Instead, Plaintiff merely speculates that it would: "Certainly, these activities will involve incidental use of the claimant's neck to look up, down, side to side, and will of course involve repetitive lifting. . . .  It is plain that these activities will, over the course of a day and especially over continuous 40 hour work weeks, inflict added stress and pain to Robert's neck."  *Id.*  It is well-established that Plaintiff has the burden to demonstrate he has specific limitations with his RFC.  *See, e.g., Eichelberger v. Barnhart,* 390 F.3d 584, 591 (8th Cir. 2004).  Here, Plaintiff simply has not met his burden of demonstrating his neck impairment causes any greater limitations than those found by the ALJ.  Thus, the Court finds no basis for a remand.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of November 2016.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE